# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:11CV-1089 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MAJOR VUKSTA, et al.**, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Robbie Thomas ("Thomas" or "plaintiff"), a Pennsylvania state inmate incarcerated at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, commenced this civil rights action on June 7, 2011, alleging that he has been subjected to retaliation. (Docs. 1, 3, 9.) Named as defendants are the following individuals: Major Vuksta ("Vuksta); Former Corrections Officer Smith ("Smith"); Mr. Murrick ("Murrick"); Charlie Brinich ("Brinich").[1] Presently pending is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 21.) For the reasons that follow, the motion will be granted and plaintiff will be afforded the opportunity to file an amended complaint.

---

[1] On August 16, 2011, the Clerk of Court, acting on a letter from plaintiff, removed defendant "Mr. Verner" from the docket sheet and substituted the name of Charlie Brinich ("Brinich"), Psychologist. (Doc. 23 and "Docket Annotation" dated August 16, 2011.) The letter (Doc. 23) is considered by the Court to be a notice of voluntary dismissal of defendant Verner pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Although the Clerk of Court added Brinich on the docket sheet as a defendant, ordering service of the original complaint on Brinich would be futile because plaintiff will be granted leave to amend his complaint.

Also pending is plaintiff's motion for appointment of counsel (Doc. 28) which will be denied.

I.  **Motion to Dismiss**

   A.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U. S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain

statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 362, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

Courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent

undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

**B.   Allegations of the Complaint**

Plaintiff alleges that he is suffering "continued retaliation" for "my once filing of civil actions on D.O.C." (Doc. 1, at 2, ¶ 1.) The retaliatory acts include, *inter alia*, the issuance of false misconducts, denial of due process in the context of misconduct hearings, arbitrary placement in administrative detention and the Restricted Housing Unit ("RHU"), and interference with disability compensation. His allegations span dates from 2007 to 2011, and are contained in three separate documents. (Docs. 1, 3, 9.) He also makes numerous references to, and seeks consolidation with, a separate action filed in this court, Thomas v. McCoy, Civil Action No. 1:10-CV-1639, which has since been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.   Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants seek to dismiss plaintiff's complaint on the ground that plaintiff fails to allege personal involvement. (Doc. 22, at 4.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

5

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate (1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

Although plaintiff alleges that defendants were personally involved in the adverse action he suffered which is allegedly in retaliation for having pursued civil litigation in the past (Doc. 3, at ¶¶ 2-3, 7-8), he fails to include allegations of personal involvement with respect to a causal link between the protected activity and the adverse action; a necessary element of a retaliation claim. The complaint is therefore subject to dismissal. However, plaintiff will be granted leave to amend his complaint to cure the fatal deficiency, see Grayson, 293 F.3d at 108.

## II.   Motion to Appoint Counsel

Plaintiff seeks the appointment of counsel "[i]n the interest of justice and fundamental fairness." (Doc. 28, at 1.) Assuming that plaintiff's First Amendment

6

retaliation claim has an arguable basis in law or fact, and based upon the complaint and accompanying documents filed by plaintiff, it is evident that he is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate citations to governing authority, See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993) (listing factors relevant to request for counsel).  Further, at present, there is no indication that complex legal or factual issues are implicated or that the testimony of expert witnesses will be necessary.  (Id.).  Therefore, plaintiff's motion for appointment of counsel will be denied.

### III.    Conclusion

Based on the foregoing, defendants motion to dismiss (Doc. 21) will be granted but plaintiff will be given the opportunity to file an amended complaint. Plaintiff's motion for appointment of counsel (Doc. 28) will be denied.

An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        November 29, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:11CV-1089 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MAJOR VUKSTA**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 29th day of November, 2011, upon consideration of defendants' motion to dismiss (Doc. 21), and plaintiff's motion for appointment of counsel (Doc. 28), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED, however, plaintiff is GRANTED leave to amend his complaint to cure the deficiencies noted in this court's memorandum.

2. The Clerk of Court is directed to FORWARD to plaintiff a civil rights form complaint.

3. Plaintiff shall FILE an amended complaint, utilizing the enclosed civil rights form, on or before December 20, 2011. No attachments to the form will be accepted by the Court.

4. The amended complaint shall contain the same case number that is already assigned to this action, 1:11-CV-1089, and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

5.  Plaintiff is cautioned that if he includes in his amended complaint the same allegations or defendants from Thomas v. McCoy, Civil Action No. 1:10-CV-1639, the amended complaint will be STRICKEN as that action has been dismissed.

6.  Failure to file the amended complaint in a timely fashion will be deemed an abandonment of plaintiff's claims and will result in the termination of the entire action.

7.  Any requests to have this action consolidated with Thomas v. McCoy, Civil Action No. 1:10-CV-1639, are DENIED as that action has been dismissed.

8.  Plaintiff's motions for appointment of counsel (Doc. 28, 30) are DENIED. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge