## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS,** | : | **CIVIL ACTION NO. 1:11CV-1089** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAJOR VUKSTA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

Plaintiff Robbie Thomas ("Thomas" or "plaintiff"), a Pennsylvania state inmate incarcerated at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, commenced this civil rights action on June 7, 2011, alleging that he has been subjected to ongoing retaliation.  (Docs. 1, 3, 9.)  In response to the complaint, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On November 29, 2011, defendants' motion was granted, but plaintiff was granted leave to amend his complaint to cure the deficiencies noted in the Court's Memorandum.  (Doc. 32.)  Specifically, the complaint was deficient in that plaintiff failed to include allegations of personal involvement with respect to a causal link between the protected activity and the adverse action he alleged.

On December 9, 2011, pursuant to this Court's Order of November 29, 2011, plaintiff filed an amended complaint naming the following individual defendants: Superintendent Kerestes ("Kerestes"); Prison Captain Gavin ("Gavin"); Major Vuksta ("Vuksta); Mr. Nevis ("Nevis"); Mr. Murrick ("Murrick"); and Psychologist Charlie Brinich ("Brinich").  (Doc. 34.)  However, before the Court had the

opportunity to screen the amended complaint in accordance with 28 U.S.C. § 1915,

Thomas filed an appeal to the United States Court of Appeals for the Third Circuit.

(Doc. 42). The case was therefore administratively closed while the appeal was

resolved. (Doc. 44). On April 23, 2012, the Court of Appeals issued a mandate

finding that an order dismissing a complaint with leave to amend is interlocutory

and dismissing the appeal for lack of appellate jurisdiction. (Doc. 47.)

Presently before the Court is the plaintiff's amended complaint (Doc. 34), his

motion to reopen the case (Doc. 48), and his motion to appoint counsel (Doc. 49).

Because he seeks to proceed in forma pauperis, the Court is obligated to screen the

complaint pursuant to 28 U.S.C. § 1915, which leads the court to conclude that the

complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   __Standard of Review__

Title 28 U.S.C. §1915(e)(2)(B)(ii) provides, in pertinent part, that "the court

shall dismiss the case at any time if the court determines that (B) the action . . . (ii)

fails to state a claim on which relief may be granted. . . . " The applicable standard

of review for the Section 1915 failure to state a claim provision is the same as the

standard for a 12(b)(6) motion, which provides for the dismissal of complaints that

fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept as true all [factual] allegations in the complaint and all reasonable

inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U. S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief");  Ashcroft v. Iqbal, 556 U.S. 362, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation");  Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

3

Courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182;  see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust");  see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.  2000) (summarizing factors to consider under Rule 15).

## II.   Allegations of the Complaint

Plaintiff alleges that "in 2003, a state court civil action was settled 'after' filed against state DOC" and "acting off total conspiracy for other DOC's - 'retaliations' and 'harassments' continues - and the claims are not the first: See Exhibit 'A'.  All

4

defendants are 'personally involved' and told 'others' to get 'involved' as the

involved ones in 'retaliations' of me - took my 'legal mail' out box. And refusal to

give stationary to file legal papers with the court; as being indigent."  (Doc. 34, at 4.)

In a separate filing he states that he "was engaged in a protective active [sic], and

suffered an adverse action, that continued from there to here at their personal

involvements as stated and shown therein.  Inasmuch as there is and was a total

linkage between the exercise of my constitutional rights and the adverse actions

taken against me by the (defendants) that are personally involved as stated. . . ."

(Doc. 38, at 1.)

## III.   <u>Discussion</u>

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials.  <u>See</u> 42 U.S.C. § 1983.

The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress. . . .

<u>Id.</u>; <u>see</u> <u>also</u> <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002); <u>Kneipp v. Tedder</u>, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege

"the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting

5

under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, "[a]

defendant in a civil rights action must have personal involvement in the alleged

wrongs. . . . Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d

1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v.

Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under

Section 1983 only if the state actor played an "affirmative part" in the alleged

misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant

had personal knowledge or involvement in depriving the plaintiff of his rights is

insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

The First Amendment offers protection for a wide variety of expressive

activities. See U.S. Const. amend I. These rights are lessened, but not extinguished

in the prison context, where legitimate penological interests must be considered in

assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78,

89 (1987). Retaliation for expressive activities can infringe upon an individual's

rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d

Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must

demonstrate (1) that he was engaged in protected activity; (2) that he suffered an

"adverse action" by government officials; and (3) that there is "a causal link

between the exercise of his constitutional rights and the adverse action taken

against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at

225).

As noted in the Court's initial memorandum, failure to allege "a causal link between the exercise of his constitutional rights and the adverse action taken against him is fatal to a retaliation claim.  Although plaintiff again alleges that defendants were personally involved in the adverse action he suffered, which is allegedly in retaliation for having pursued civil litigation in the past (Doc. 3, at ¶¶ 2-3, 7-8), he fails to include allegations of personal involvement with respect to a causal link between the protected activity, which allegedly occurred some time in 2003, and the adverse action which ostensibly involves dates from 2007 to the present.  As such, he fails to set forth sufficient facts to raise a reasonable expectation that discovery will reveal evidence of this necessary element.  The amended complaint is therefore subject to dismissal.

Because plaintiff was afforded the opportunity to amend his complaint and cure the above-stated deficiencies, and he failed to do so, it would be futile to allow him another opportunity to amend.

## II.   <u>Conclusion</u>

Based on the foregoing, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

 S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge

Dated:      May 25, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBBIE THOMAS,** | : | **CIVIL ACTION NO. 1:11CV-1089** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MAJOR VUKSTA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 25th day of May, 2012, it is hereby ORDERED that:

1.  Plaintiff's motion to reopen (Doc. 48) is GRANTED.

2.  Plaintiff's amended complaint (Doc. 34) is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3.  Plaintiff's motion for appointment of counsel (Doc. 49) is DENIED.

4.  The Clerk of Court is directed to CLOSE this case.

5.  Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge